## ISAAC MEANS

### *v.*

## MARVIN A. LAWRENCE *et al.*

INSTRUCTIONS should be based on the evidence.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, for the appellant.

Mr. IRA W. BUELL, for the appellees.

138          MEANS *v.* LAWRENCE *et al.*          [Sept. T.,

Opinion of the Court.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit to recover damages for the breach of a contract to accept corn purchased by appellees for appellant.

A verdict was found for the plaintiff and judgment thereon rendered, to reverse which defendant appeals.

There is some conflict in the testimony in regard to the precise nature of the contract, and with whom made. We infer, from the evidence, that appellant never intended or expected to receive any corn from appellees. He expected to be benefited by a rise in the market price of corn during the year 1869, which he calculated, from the unusual cold weather at the time the contract is alleged to have been made—July 26, 1869—would be much enhanced by a small crop. He had the whole of the year 1869 in which to perform his contract. If the market price on the 31st of December, 1869, was above one dollar and ten cents, for which he bought, he would be gainer; if below, he would lose; no corn actually passing between the parties, or expected to pass.

That appellant did make a contract with appellees, in addition to the oral testimony on the trial, appears from his letter of September 18, 1869, in which he says to appellees: "Yours received and contents noted. You will probably recollect the arrangement I made with you when I bought the corn. I am in just the same circumstances I was then. When the time comes to settle, I am ready. If there is anything coming to me I will receive it, and if there is anything against me I will pay it, but I won't pay anything now."

This, we understand, was in reply to a demand of appellees that he should put up a margin according to the usage in such cases.

In this letter there is no allusion to Reinman as the party with whom appellant contracted, as he now insists. Had he made no contract with appellees to hold this grain for him, would he not have said so in this letter? It was not the grain

he wanted, but it was the advantage of the market, but would not pay any money then, as margin, to keep his agents safe, who were, themselves, paying it; but on settling day, December 31st, he would receive what was coming to him if he won, or pay if he lost.

The preponderance of the testimony is with appellees. It tends so strongly to sustain the claim set up in their declaration that we can not disturb the verdict.

Exception is taken to the right of the court to give the following instruction:

"The jury are instructed that if they believe, from the evidence in this case, that the plaintiffs sold five thousand bushels No. 2 corn to the defendant on the 26th day of July, 1869, to be delivered to the defendant at some time subsequent thereto, and during said year, and that at the time of the making of such contract, or sale, the plaintiffs did not have said five thousand bushels of corn, but intended to go into the market and buy the same, such facts, if the jury believe from the evidence that they are facts, constitute a contract that can not be enforced, and one on which the plaintiffs would have no right to recover."

As an abstract proposition of law the instruction is doubtless correct, but it is not based upon any evidence in the cause. The proof shows Lawrence, one of the appellees, had purchased the quantity—five thousand bushels—of Reinman, and reported it to appellant within five minutes thereafter, on regular 'change in the afternoon, and appellant was then asked to put up a margin, which he declined doing.

There is no question made about the amount of damages.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*